IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MARCUS MORENO,

      Plaintiff,

  v.

CITIBANK, N.A. and AMERICAN HOME MORTGAGE SERVICING, INC.,

      Defendants.
_____/

No. C 09-5339 CW

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS
(Docket No. 7)

    Defendants Citibank, N.A. and American Home Mortgage Servicing, Inc. move to dismiss Plaintiff Marcus Moreno's claims. In the alternative, Defendants move for a more definite statement under Rule 12(e). Plaintiff opposes the motion. The motion was taken under submission on the papers. Having considered the papers submitted by the parties, the Court GRANTS Defendants' Motion and dismisses Plaintiff's claims with leave to amend.

BACKGROUND

    Plaintiff alleges that Defendants engaged in unlawful conduct with respect to a loan that was secured by property located at 110 Lassen Drive in San Bruno, California. He claims that, as a result of their allegedly deceptive and misleading conduct, "he had to pay higher mortgage payments without proper and full disclosures" and that he was coerced "to lose his property." Compl. ¶ 5. He asserts that he did not understand the nature of his loan and that Defendants took advantage of his lack of sophistication.

On February 10, 2009, a Notice of Default and Election To Sell under Deed of Trust was recorded on the property at issue. See Defendants' Request for Judicial Notice (RJN),[1] Ex. 3. This property was apparently sold at a non-judicial foreclosure sale on September 14, 2009. See RJN, Ex. 6.

Plaintiff asserts claims for fraud, undue influence, breach of fiduciary duty, quiet title, "cancel deed of trust," "set aside the sale" and declaratory and injunctive relief.

## LEGAL STANDARD

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Dismissal under Rule 12(b)(6) for failure to state a claim is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). In considering whether the complaint is sufficient to state a claim, the court will take all material allegations as true and construe them in the light most favorable to the plaintiff. NL Indus., Inc. v. Kaplan, 792 F.2d 896, 898 (9th Cir. 1986). However, this principle is inapplicable to legal conclusions; "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not taken as true. Ashcroft v. Iqbal, ___ U.S. ___, 129 S. Ct. 1937, 1949-50 (2009) (citing Twombly, 550 U.S. at 555).

---

[1] The Court grants Defendants' Request for Judicial Notice for various documents. These documents contain facts which are not subject to reasonable dispute. Fed. R. Evid. 201.

DISCUSSION

Plaintiff, who is proceeding without the assistance of counsel, opposes Defendants' motion by arguing that he has provided sufficient notice of his claims. He cites Conley v. Gibson, 355 U.S. 41 (1957), arguing that he has offered short and plain statements of his claims to show that he is entitled to relief. However, subsequent Supreme Court cases have refined the pleading standard promulgated in Conley. As noted above, conclusory short and plain statements are not sufficient to support a plaintiff's claims on a motion to dismiss. Iqbal, 129 S. Ct. at 1949-50. Plaintiff must offer factual allegations which, if taken as true, demonstrate his entitlement to relief.

I.  Fraud

Plaintiff claims that Defendants did not disclose information concerning his loan's terms. Because he attempts to state a claim for fraud, he must satisfy the heightened pleading requirements of Federal Rule of Civil Procedure 9(b).

"In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." Fed. R. Civ. Proc. 9(b). The allegations must be "specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong." Semegen v. Weidner, 780 F.2d 727, 731 (9th Cir. 1985). Statements of the time, place and nature of the alleged fraudulent activities are sufficient, id. at 735, provided the plaintiff sets forth "what is false or misleading about a statement, and why it is false." In re GlenFed, Inc., Secs. Litig., 42 F.3d 1541, 1548 (9th

3

Cir. 1994). Scienter may be averred generally, simply by saying that it existed. Id. at 1547; see Fed. R. Civ. Proc. 9(b) ("Malice, intent, knowledge, and other condition of mind of a person may be averred generally."). Allegations of fraud based on information and belief usually do not satisfy the particularity requirements of Rule 9(b); however, as to matters peculiarly within the opposing party's knowledge, allegations based on information and belief may satisfy Rule 9(b) if they also state the facts upon which the belief is founded. Wool v. Tandem Computers, Inc., 818 F.2d 1433, 1439 (9th Cir. 1987).

Plaintiff does not state, with the particularity required under Rule 9(b), the nature of the alleged fraud. He does not plead when, where and by whom the fraud was perpetrated. Indeed, Defendants do not appear to have been involved in Plaintiff's loan at the time he obtained it. His Deed of Trust (DOT) names Option One Mortgage Corporation as beneficiary, RJN, Ex. 1, which suggests that Option One was his original lender. Moreover, documents proffered by Defendants, which bear Plaintiff's signature, detail the terms of his loan. This contradicts his allegations that the loan terms were not disclosed. If he intends to allege that Defendants, who do not appear to have been involved in the origination of his loan, misrepresented the meaning of these terms, Plaintiff must say so directly.

Plaintiff's fraud claim is therefore dismissed with leave to amend. Plaintiff must comply with Rule 9(b) and plead with particularity facts to show who committed the alleged fraud, when it was committed and the nature of the statements made. Plaintiff cannot generally plead that "Defendants" committed fraud. In any

4

amended complaint, Plaintiff must state clearly which Defendants committed which acts.

## II. Undue Influence

Plaintiff claims that Defendants coerced him into signing his loan documents. As noted above, it does not appear that Defendants were involved in the origination of his loan and, as a result, they could not have coerced him into signing these documents.

Even if Defendants were involved, Plaintiff's conclusory allegations do not support his claim. He merely states that Defendants' employees took "unfair advantage" of his lack of sophistication and that he was "unduly influenced" by Defendants' status and position. These allegations merely restate the elements of undue influence under California law. See Cal. Civ. Code § 1575. Threadbare recitals of the elements of a claim are not sufficient on a motion to dismiss.

Accordingly, the Court dismisses with leave to amend Plaintiff's claim for undue influence. Plaintiff must allege facts that show how Defendants unduly influenced him to sign his loan documents.

## III. Breach of Fiduciary Duty

Plaintiff claims that Defendants breached their fiduciary duty by deceiving him about the nature of his loan. However, he has not plead facts to show that Defendants owe him such a duty. "A debt is not a trust and there is not a fiduciary relation between debtor and creditor as such. The same principle should apply with even greater clarity to the relationship between a bank and its loan customers." Price v. Wells Fargo Bank, 213 Cal. App. 3d 465, 476 (1989) (internal quotations and citations omitted). Courts have

5

similarly concluded that loan servicers do not owe a fiduciary duty to borrowers. See, e.g., Marks v. Ocwen Loan Servicing, 2009 WL 975792, *7 (N.D. Cal.).

Even if Defendants owed him a fiduciary duty, Plaintiff has not plead facts to show that they breached it. He alleges that Citibank failed to disclose "its true status to Plaintiff before and after the real estate transaction," Compl. ¶ 39, which presumably refers to the assignment of his DOT to Citibank by Option One. This assignment was properly recorded in the San Mateo County Recorder's Office. RJN, Ex. 2. Moreover, it is not clear how this allegation can give rise to a breach of fiduciary duty claim.

The Court dismisses Plaintiff's breach of fiduciary duty claim with leave to amend to plead facts to show that Defendants owed Plaintiff a fiduciary duty and that they breached it.

IV.  Quiet Title

To state a claim for quiet title, a plaintiff's complaint must contain: (1) a description of the property; (2) the title of the plaintiff and its basis; (3) the adverse claims to that title; (4) the date as of which the determination is sought; and (5) a prayer for relief of quiet title. Cal. Civ. Proc. Code § 761.020.

Plaintiff alleges that he "has been in actual, peaceful and exclusive possession of the disputed and subject property for an exceedingly long period of time" and that his occupation "has been actual, open and peaceful and hostile to the Defendants." Compl. ¶¶ 46-47. Although he does not say so directly, these vague allegations suggest that Plaintiff is claiming title based on a theory of adverse possession. If so, Plaintiff has not established

6

1  a claim to title based on adverse possession.  Among other things,
2  he has not shown that he has occupied the property, hostile to
3  another party's claim, for more than five years.  See Nielsen v.
4  Gibson, 178 Cal. App. 4th 318, 325 (2009) (listing the elements for
5  establishing title through adverse possession).  Even if Plaintiff
6  properly alleged his claim to title, he has not clearly plead
7  Defendants' adverse claims.
8      Because Plaintiff does not plead the requisite elements, the
9  Court dismisses his quiet title claim with leave to amend.

V.  "Cancel Deed of Trust"

    Plaintiff asserts a claim for "cancel deed of trust," which appears to be a request for rescission.  However, rescission is not a freestanding cause of action, but rather relief that may be granted as a result of unlawful conduct.  See Cal. Civ. Code §§ 1689, 1691-92.  Because rescission is not a cause of action, the Court dismisses this claim with prejudice.  If Plaintiff intends to seek rescission of the DOT, he must state a claim for which rescission could be granted and plead for such relief as a remedy for that claim.

VI.  "Set Aside the Sale"

    California Civil Code Sections 2924 through 2924k "provide a comprehensive framework for the regulation of a non-judicial foreclosure sale pursuant to a power of sale contained in a deed of trust."  Knapp v. Doherty, 123 Cal. App. 4th 76, 86 (2004) (quoting Moeller v. Lien, 25 Cal. App. 4th 822, 830 (1994)).  Knapp explains the non-judicial foreclosure process as follows:

> Upon default by the trustor [under a deed of trust containing a power of sale], the beneficiary may declare a default and proceed with a nonjudicial foreclosure

>     sale.  The foreclosure process is commenced by the
>     recording of a notice of default and election to sell by
>     the trustee.  After the notice of default is recorded,
>     the trustee must wait three calendar months before
>     proceeding with the sale.  After the 3-month period has
>     elapsed, a notice of sale must be published, posted and
>     mailed 20 days before the sale and recorded 14 days
>     before the sale.

Knapp, 123 Cal. App. 4th at 86 (citation omitted).  "A properly conducted nonjudicial foreclosure sale constitutes a final adjudication of the rights of the borrower and lender."  Id. at 87.

Plaintiff alleges that the non-judicial foreclosure sale must be set aside because he "did not notice any advertisements, no publications, nothing regarding the sale" and that he "noticed defects in the process."  Compl. ¶¶ 66, 71.  However, Defendants recorded a Notice of Default and a Notice of Trustee's Sale, as required under California law, which contradicts Plaintiff's allegations concerning defective notice.  Although he refers to other defects in the process, this vague allegation is insufficient to support his claim.

Accordingly, Plaintiff's claim to set aside the foreclosure sale is dismissed with leave to amend to allege facts that warrant such relief.

VII. Declaratory Relief

The Declaratory Judgment Act (DJA) permits a federal court to "declare the rights and other legal relations" of parties to "a case of actual controversy."  28 U.S.C. § 2201; see Wickland Oil Terminals v. Asarco, Inc., 792 F.2d 887, 893 (9th Cir. 1986).[2]  The

---

[2] In support of their motion to dismiss Plaintiff's declaratory relief claim, Defendants cite California authority. However, when a claim for declaratory relief is removed to federal
(continued...)

8

1  "actual controversy" requirement of the DJA is the same as the
2  "case or controversy" requirement of Article III of the United
3  States Constitution.  <u>Am. States Ins. Co. v. Kearns</u>, 15 F.3d 142,
4  143 (9th Cir. 1993).

5  Plaintiff's declaratory judgment claim fails because his
6  complaint does not allege facts showing that there is an actual
7  case or controversy between him and Defendants.  It does not appear
8  that the foreclosure sale proceeded improperly.  Nor does it appear
9  that Defendants lacked authority to foreclose on his property, as
10 Plaintiff alleges.  Pursuant to its rights contained in the DOT,
11 Citibank proceeded to sell the property following Plaintiff's
12 default.  If properly conducted, the foreclosure sale constituted
13 the final adjudication of rights between Plaintiff and Citibank.

14 Accordingly, the Court dismisses the declaratory judgment
15 claim with leave to amend to plead facts that show an actual case
16 or controversy.

## VIII. Injunctive Relief

18 Plaintiff appears to seek an injunction to prevent the non-
19 judicial foreclosure sale of the property.  However, injunctive
20 relief does not appear proper because the foreclosure sale has
21 already occurred.

22 Moreover, injunctive relief is a remedy, not a cause of
23 action.  If Plaintiff seeks a preliminary injunction, he must file
24 a motion for one and provide a basis for it to issue.  If he seeks

---

[2](...continued)
court, the court must conduct its analysis under the DJA.  <u>See</u>
<u>Golden Eagle Ins. Co. v. Travelers Cos.</u>, 103 F.3d 750, 753 (9th
Cir. 1996), <u>overruled on other grounds by</u> <u>Gov't Employees Ins. v.</u>
<u>Dizol</u>, 133 F.3d 1220 (9th Cir. 1998); <u>see also</u> <u>Gamble v. GMAC</u>
<u>Mortgage Corp.</u>, 2009 WL 400359, *2 (N.D. Cal.).

a permanent injunction, he must state a claim on which a permanent injunction could be granted and plead for such relief as a remedy for that claim.

## CONCLUSION

For the foregoing reasons, the Court GRANTS Defendants' Motion to Dismiss. (Docket No. 7.) Below is a summary of the Court's holdings.

1. Plaintiff's fraud claim is dismissed with leave to amend because he does not plead facts to meet the heightened pleading requirements of Rule 9(b).

2. Plaintiff's undue influence claim is dismissed with leave to amend because he does not plead facts to show that Defendants were involved in the loan origination process.

3. Plaintiff's breach of fiduciary duty claim is dismissed with leave to amend because he does not plead facts to show that Defendants owed him a fiduciary duty.

4. Plaintiff's quiet title claim is dismissed with leave to amend because he does not plead clearly the basis of his claim to title or the adverse claims of Defendants.

5. Plaintiff's claim for "cancel deed of trust," which the Court interprets to seek rescission, is dismissed with prejudice because rescission is a remedy, not a cause of action.

6. Plaintiff's request for the Court to set aside the foreclosure sale is dismissed with leave to amend

10

because he does not allege actionable defects in the non-judicial foreclosure sale.

7. Plaintiff's claim for declaratory relief is dismissed with leave to amend to plead facts to show the existence of an actual case or controversy.

8. Plaintiff's claim for injunctive relief is dismissed with leave to amend. He must state a claim on which injunctive relief could be granted and plead for such relief as a remedy for that claim.

Plaintiff may file an amended complaint curing these deficiencies within fourteen days of the date of this order. If he does so, Defendants may file a motion to dismiss three weeks thereafter, with Plaintiff's opposition due two weeks following and Defendants' reply due one week after that. Defendants' motion, if filed, shall be taken under submission on the papers.

**Plaintiff's failure to comply with this Order will result in the dismissal of his case with prejudice.**

IT IS SO ORDERED.

Dated: March 19, 2010

CLAUDIA WILKEN
United States District Judge

11

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

MARCUS MORENO,

        Plaintiff,

  v.

CITIBANK, N.A., et al.,

        Defendants.
        /

Case Number: CV09-05339 CW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on March 19, 2010, I SERVED a true and correct copy of the attached, by placing said copy in a postage paid envelope addressed to the person hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy into an inter-office delivery receptacle located in the Clerk's office.

Marcus Moreno
110 Lassen Drive
San Bruno, CA 94066

Dated: March 19, 2010

        Richard W. Wieking, Clerk
        By: M. Pilotin, Deputy Clerk